

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENTLEY A. HOLLANDER, | : | CIVIL ACTION |
| | : | |
| Plaintiff/Relator, | : | |
| v. | : | |
| | : | |
| RANBAXY LABORATORIES INC., | : | NO. 10-793 |
| | : | |
| Defendant. | : | |

### MEMORANDUM ON DISMISSAL AND JUDGMENT ON THE PLEADINGS

**Baylson, J.**                                                         **January 24, 2011**

Plaintiff Bentley A. Hollander ("Hollander") initiated this qui tam action against

Defendant Ranbaxy Laboratories, Inc. ("Ranbaxy") for alleged violations of the false marking

statute, 35 U.S.C. § 292. Section 292 penalizes the marking of products with false or expired

patent numbers. Ranbaxy filed a Motion to Dismiss (Mot. Dismiss, ECF No. 15), and Hollander

filed a Cross-Motion Pursuant to Fed. R. Civ. P. 12(c) for Judgment on the Pleadings on the

Issue of Liability (Mot. J., ECF No. 20). On December 29, 2010, the Court entered an Order

denying both Motions. (ECF No. 31.) This Memorandum will state the reasons.

### I. **Factual and Procedural Background**

Hollander initiated this qui tam action in connection with Ranbaxy's marking of certain

dermatology products with expired patent numbers. Hollander alleges that Ranbaxy has marked

these products with, and used in advertising, expired patent numbers for the purpose of deceiving

the public. (Compl., ECF No. 1 ¶¶ 27-28.) He seeks imposition of a fine, up to $500 for each

"offense," one-half of which will be paid to the United States and the other half to Hollander.

(Id. at 9); see 35 U.S.C. § 292(b).

-1-

Ranbaxy is a wholly-owned subsidiary of Ranbaxy Laboratories Limited, and was established in 2004 to operate as a branded prescription division in the United States. (Compl. ¶¶ 9-10.) Ranbaxy sells and distributes branded prescription products in the United States. (Id. ¶ 11.) In May 2007, Ranbaxy acquired the rights to manufacture and sell thirteen dermatology products, including Ultravate, a high-potency steroid medication that relieves itching and inflammation caused by skin disorders. (Id. ¶¶ 12-14.) Ultravate is sold in fifteen- and fifty-gram tubes of cream or ointment. (Id. ¶¶ 15-16.)

Hollander alleges, and Ranbaxy admits, that Ultravate was originally covered by patent number 4,619,921 (the "'921 Patent"), which expired on June 9, 2005 (Compl. ¶¶ 19-20; Answer, ECF No. 5 ¶¶ 19-20); nevertheless, since its acquisition of Ultravate in 2007, Ranbaxy has marked and continues to mark every unit of Ultravate with the '921 Patent (Compl. ¶ 21; Answer ¶ 21). Hollander contends that because the patent expired before Ranbaxy acquired Ultravate, every tube Ranbaxy has sold or manufactured has been marked with an expired patent number.

Hollander filed his complaint on February 23, 2010 asserting four counts in violation of § 292, one count for each packaging variation. (Compl. at 5-8.) Ranbaxy filed its answer on March 31, 2010. More than six months later, Ranbaxy filed the instant motion to dismiss, to which Hollander responded and filed a cross-motion for judgment on the pleadings on the issue of liability. Both parties have since filed supplemental authority to aid the Court in determining several issues, including whether false marking claims must be pled generally or with particularity.

-2-

## II.    Jurisdiction and Legal Standards for Pleadings

### A.    Jurisdiction and Standing

The Court has jurisdiction over Hollander's § 292 claim pursuant to 28 U.S.C. § 1331 and § 1338(a).  Venue is proper under 28 U.S.C. § 1391(b) and (c).

In its motion to dismiss, Ranbaxy does not argue Hollander lacks standing to raise his false marking claims under § 292, but it did assert an affirmative defense based on lack of standing.  (Answer at 7.)  Because a plaintiff's standing to assert a claim affects the Court's constitutional power to entertain the suit, the Court must satisfy itself Hollander has standing. Courts across the country agree that a private plaintiff has standing to bring a § 292 claim on behalf of the United States.  See, e.g., Hollander v. Etymotic Research, Inc., No. 10-526, 2010 WL 2813015, at *4 (E.D. Pa. July 14, 2010) (Tucker, J.); see also 35 U.S.C. § 292(b) (stating that "[a]ny person may sue for the penalty").  The Court is satisfied Hollander has standing.

### B.    Legal Standards

A district court can dismiss a complaint, on a motion, if the complaint fails to state a claim upon which relief could be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing such a motion, the court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

The Third Circuit has addressed the effect of the Supreme Court's most recent pleading-standard decisions, Twombly v. Bell Atlantic Corp., 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  See Santiago v. Warminster Twp., No. 10-1294, ___ F.3d ___, 2010 WL 5071779, at *4 (3d Cir. Dec. 14, 2010); Phillips, 515 F.3d at 233-34.  Twombly established a

-3-

two-pronged approach for all civil actions: first, the court asks whether the complaint sets forth factual allegations or conclusory statements; second, if the complaint sets forth factual allegations, the court must assume their veracity and draw reasonable inferences in favor of the non-moving party, but then must determine whether the factual allegations plausibly give rise to an entitlement to relief. Id.; see Iqbal 129 S. Ct. at 1950, 1953; see also Santiago, 2010 WL 5071779, at *4 & n.7 (suggesting the precursor to these two steps requires the court to identify the legal elements of the claim). At the first step, the court should separate the factual and legal elements of the claims, accepting the well-pleaded facts as true and disregarding any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

To state a claim, a plaintiff is required to allege circumstances with enough factual matter to suggest the required claim exists. Phillips, 515 F.3d at 234. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claims. Iqbal, 129 S. Ct. at 1949; Phillips, 515 F.3d at 234. Whether a claim is plausible depends on the context, i.e. the nature of the claim asserted. Phillips, 515 F.3d at 233. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). Accordingly, the Court focuses on whether Hollander sufficiently pled his claims, not on whether he can prove his claims; pleading standards are not the same as standards of proof. See Fowler, 578 F.3d at 213-14.

A major issue in this case is whether Rule 9(b) applies. Rule 9(b)'s heightened pleading standard not only gives defendants notice of the claims against them, but also provides increased

-4-

measure for protection of their reputation and reduces the number of frivolous lawsuits brought solely to extract settlements. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the allegations of fraud. Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n.10 (3d Cir. 2002). Stated another way, the plaintiff must plead the who, what, when, where, and how of the fraud. Institutional Investors Grp. v. Avaya, Inc., 564 F.3d 242, 253 (3d Cir. 2009); see Bonavitacola Elec. Constr. v. Boro Developers, Inc., No. 01-5508, 2003 WL 329145, at *6 (E.D. Pa. Feb. 12, 2003) (Baylson, J.).

"[H]owever, courts should be sensitive to the fact that application of [Rule 9(b)] prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud. Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." In re Burlington, 114 F.3d at 1418 (citations and quotation marks omitted). Thus, plaintiffs may plead certain factual allegations based "upon information and belief" but must allege that the necessary information lies within the defendant's control, and their allegations must be accompanied by a statement of facts upon which the allegations are based. In re Craftmatic Sec. Litig., 890 F.2d 628, 645 (3d Cir. 1989). Boilerplate and conclusory allegations will not suffice. In re Burlington, 114 F.3d at 1418.

Turning to Hollander's cross-motion, according to Rule 12(c), "After the pleadings are closed - but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings will not be granted unless the moving party

-5-

clearly establishes that no material issue of fact remains to be resolved and that the party is entitled to judgment as a matter of law. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). In reviewing such a motion, the court applies the same standards applied under Rule 12(b)(6). See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards . . . ."). Thus, the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

In deciding motions to dismiss pursuant to Rule 12(b)(6) and for judgment on the pleadings, courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (noting documents forming basis of claim must be "undisputedly authentic"); Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (opining an affidavit cannot be part of a pleading). Documents that form the basis of a complaint include those that are integral to or explicitly relied on in the complaint, but the document need not be explicitly cited. See In re Burlington, 114 F.3d at 1426.

The court also considers the defendant's answer on a Rule 12(c) motion. See Brautigam v. Fraley, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010). Unless the court excludes matters outside the pleading submitted with a motion to dismiss or for judgment on the pleadings, the court must convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

## III. Discussion

### A. Legal Standards for Substantive Issues

-6-

Under 35 U.S.C. § 292(a), "[w]hoever marks upon, or affixes to . . . any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." To state a claim under § 292, a plaintiff must show (1) a marking on an unpatented article, (2) done with intent to deceive the public. Forest Grp., Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). "[A]n article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent. Both are in the public domain." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361 (Fed. Cir. 2010) (alterations omitted). An article that is no longer protected by a patent is more aptly described as unpatented. Id.; see also Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 159 (1989) (holding that for purposes of federal law, an item for which a patent has expired is unpatented). Thus, marking an item with a patent number which is now expired constitutes "marking an unpatented article."

Intent to deceive the public is "a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). While intent is subjective in nature, it is established in law by objective criteria. Id. Whether conduct rises to the level of statutory deception is a question of fact, id. at 1353, and "the fact of misrepresentation coupled with proof that the party making it had knowledge of falsity is enough to warrant drawing the inference that there was a fraudulent intent," id. at 1352. To establish knowledge of falsity, the plaintiff must show by a preponderance of the evidence that the defendant did not have a reasonable or honest good faith belief that the articles were properly marked. Id. at 1352-53, 1355.

-7-

This inference creates a rebuttable presumption of intent to deceive the public, which the defendant can rebut by showing no intent to deceive by a preponderance of the evidence. Pequignot, 608 F.3d at 1362-63, 1364. Although it cannot be rebutted by defendant's mere assertion that it did not intend to deceive, "to hold . . . that a party . . . is precluded from even offering evidence [in rebuttal] would be inconsistent with the high bar that is set for proving deceptive intent." Id. at 1363. Notably, when the false marking at issue is an expired patent that had previously covered the marked product, the presumption of intent to deceive is weaker. Id. at 1364.

## B. Parties' Contentions

### 1. Motion for Dismissal

The crux of Ranbaxy's argument in its motion to dismiss is that a § 292 claim is a fraud-based claim and, therefore, must be pled with particularity under Federal Rule of Civil Procedure 9(b). Ranbaxy argues that Hollander did not plead with particularity that Ranbaxy is liable because it intended to deceive the public and that Hollander improperly relied on "information and belief" to make his allegations. (Mot. Dismiss Memo., ECF No. 15-1.)

Hollander responds first by arguing that Ranbaxy's motion is untimely, having been filed more than six months after Ranbaxy filed its answer to the complaint. Hollander also contends his pleading is sufficient, particularly because Rule 9(b) permits pleading on information and belief when the information is within the control of the defendant. (Mot. J. Memo., ECF No. 20-1.)

Ranbaxy replies by asserting it preserved the defense of failure to state a claim in its answer and, regardless, the Court should consider an untimely motion to dismiss as a motion for

judgment on the pleadings. Ranbaxy maintains that Rule 9(b)'s particularity requirement should apply to Hollander's false marking claim. (Reply Mot. Dismiss, ECF No. 27.)

## 2. Cross-Motion for Judgment on the Pleadings

Hollander seeks judgment on the pleadings on the issue of liability because he contends that Ranbaxy admitted in its answer that it has no right, and thus no legal basis, to even use the '921 Patent. (Mot. J. Memo.; Reply Mot. J., ECF No. 28.) Ranbaxy counters that knowledge of falsity and the fact of misrepresentation create only a rebuttable presumption of intent, and that there remains a material issue of fact whether it can rebut the inference with evidence of its good faith. Thus, judgment on the pleadings would be premature. (Opp'n Mot. J., ECF No. 27.)

## C. Ranbaxy's Motion to Dismiss

### 1. The Timeliness of Ranbaxy's Motion

Hollander contends that Ranbaxy's motion is untimely and that Ranbaxy did not preserve its defense of insufficient pleading under Rules 8(a) or 9(b). Ranbaxy filed its answer to Hollander's complaint on March 31, 2010, and filed the pending Motion to Dismiss more than six months later, on October 6, 2010. Under Federal Rule of Civil Procedure 12(b), "A motion asserting any [12(b)] defense[] must be made before pleading if a responsive pleading is allowed." Although Ranbaxy's motion is untimely as a Motion to Dismiss, the Court will treat it as a Rule 12(c) motion for judgment on the pleadings, in light of Hollander making a Rule 12(c) Motion.

First, Hollander misunderstands the Rule 12(b)(6) defense. Rule 12(b)(6) permits a party to assert the defense of failure to state a sufficient claim, but the standards for assessing sufficiency lay in Rules 8(a) and 9(b). See Iqbal, 129 S. Ct. at 1949 (construing pleading

standard of Rules 8(a) and 9(b) in context of motion to dismiss for failure to state a claim). Thus, preservation of the defense of failure to state a sufficient claim necessarily preserves the standards to measure sufficiency set forth in Rules 8(a) and 9(b).

Second, the Federal Rules in turn preserve the defense of failure to state a claim in Rule 12(h)(2), which provides, "Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." See Prudential Prop. & Cas. Ins. Co. v. Stump, No. 94-3464, 1994 WL 708234, at *1 (E.D. Pa. Dec. 19, 1994) (Buckwalter, J.) ("[U]nder Rule 12(h)(2), 12(b)(6) motions are preserved from waiver . . . and can be brought in any pleading permitted by the court. Such motions are then treated under Rule 12(c) as a motion for judgment on the pleadings . . . ."). Because Ranbaxy preserved its defense of failure to state a claim in its answer (Answer at 7), the Court will overlook its "semantic faux pas and restyle[] the motion as a Rule 12(c) motion." Trs. of Univ. of Pa. v. Mayflower Transit, Inc., No. 97-111, 1997 WL 598001, at *2 (E.D. Pa. Sept. 16, 1997) (Yohn, J.). As noted above, the same standards govern both motions. See Turbe, 938 F.2d at 428.

## 2. The Appropriate Pleading Standard Does Not Require Pleading Under Rule 9(b)

Ranbaxy contends that § 292 claims are fraud-based and, therefore, subject to the heightened pleading standard of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Ranbaxy bases its argument for particularity on several district court decisions, including several within this Circuit. However, no circuit court, including the Federal Circuit, has addressed whether Rule 9(b)'s particularity standard applies. The district court cases, including

-10-

some from this District and the District of Delaware, primarily rely on two cases to conclude particularity applies – Juniper Networks v. Shipley, No. 09-696, 2009 WL 1381873 (N.D. Cal. May 14, 2009), and Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312 (Fed. Cir. 2009). See, e.g., Hollander v. Ortho-McNeil-Jenssen Pharm., Inc., No. 10-836, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010) (Buckwalter, J.); Brinkmeier v. BIC Corp., Nos. 09-860, 10-01, 2010 WL 3360568 (D. Del. Aug. 25, 2010) (Robinson, J.); Etymotic Research, 2010 WL 2813015. After reviewing all reported decisions, this Court respectfully departs from their conclusion that a § 292 claimant must plead the element of intent to deceive with particularity.

In Juniper Networks, Judge Armstrong summarily concluded that a § 292 action is a fraud-based claim, citing a Ninth Circuit securities fraud case which required particularity for the intent to deceive element. 2009 WL 1381873, at *4; see Berson v. Applied Signal Tech., Inc., 527 F.3d 982, 987 (9th Cir. 2008) (applying PSLRA pleading standards in securities fraud case). Notably, the Third Circuit has recognized that the PSLRA sets forth its own pleading standard for the intent element, which supersedes the Federal Rules. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1328 (3d Cir. 2002). Thus, Juniper Network's reliance on a securities fraud case is inapposite not only to what suffices to plead an action under § 292, but also whether the applicable standard is mandated by the Federal Rules.

Many of the district court cases find additional support in the Federal Circuit's decision in Exergen, where the Federal Circuit was considering the pleading rules for a claim of inequitable conduct. 575 F.3d at 1326-27. The elements of inequitable conduct are (1) a material misrepresentation or omission, (2) with intent to deceive. Id. at 1327 n.3. Exergen noted that "[i]nequitable conduct, while a broader concept than fraud, must be pled with particularity under

Rule 9(b)." Id. at 1326 (alteration and quotation marks omitted). Thus, Exergen held that in pleading inequitable conduct, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission element of the claim. Id. at 1327.

Exergen then noted that the claim includes two conditions of the mind, knowledge and intent, which need only be pled generally, i.e. with "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id. Moreover, Exergen concluded that the materiality element was separate from the knowledge and intent element. See id. at 1329-30. Not only did Exergen recognize the different pleading standard for the intent element, it also applied the lower standard in its analysis.

Consequently, the other courts' reliance on Exergen is misplaced. It does not stand for the proposition that the intent to deceive element (of a different claim) must be pled with particularity, but rather that intent need only be pled generally. The framework Exergen actually established – particularity for the material misrepresentation and general pleading for intent to deceive – is consistent with the framework used by another district court that also rejected pleading with particularity for the intent element of a § 292 claim. See Simonian v. Blistex, Inc., No. 10-1201, 2010 WL 4539450, at *6 (N.D. Ill. Nov. 3, 2010). In Blistex, Judge St. Eve agreed that a § 292 claim is fraud-based and thus subject to the heightened pleading standard, but concluded that the intent element need only be averred generally under Rule 9(b). Id. The Court finds this framework persuasive and consistent with Federal Circuit precedent and the Federal Rules.[1]

─────────────────────

[1]    The Court finds further support for this conclusion in Ranbaxy's supplemental authority (ECF No. 29), in the form of the United States's amicus curiae brief to the Federal Circuit in In re BP Lubricants USA Inc., No. 10-960 (Fed. Cir. Oct. 20, 2010). In its brief, the United States

Ranbaxy cites one additional Federal Circuit case, Stauffer v. Brooks Bros., 619 F.3d 1321 (Fed. Cir. 2010), which it contends instructed the district court to apply the heightened standard on remand. However, the quotation Ranbaxy cites does not direct the lower court to apply the heightened pleading standard. See id. at 1328. Rather, the Federal Circuit simply quoted the district court's summary of the defendant's motion to dismiss argument. See Stauffer v. Brooks Bros., 615 F. Supp. 2d 248, 251 n.1 (S.D.N.Y. 2009). Because the district court found the plaintiff lacked standing, a conclusion with which the Federal Circuit disagreed, the Federal Circuit remanded for the district court to resolve the defendant's motion under Rule 12(b)(6), but did not expressly direct the court to apply a heightened standard.

In sum, the Court will bifurcate the pleading standard for Hollander's § 292 claim: factual allegations of false marking must be pled with particularity, but factual allegations of intent to deceive the public need only be pled generally. See also Iqbal, 129 S. Ct. at 1954 ("Rule 9 merely excuses a party from pleading . . . intent under an elevated pleading standard. It does not give him license to evade the less rigid – though still operative – strictures of Rule 8.").

### 3. The Merits of the Motion

After a review of Hollander's complaint, the Court concludes that he has sufficiently alleged a "marking on an unpatented article" under Rule 9(b)'s particularity requirement.[2] He

---

advocates particularity for a § 292 claim, but concedes that the intent to deceive element need only be pled generally under Rule 9(b). (ECF No. 29, Ex. A at 2, 12-13.)

[2]    Hollander attached several exhibits to his response to Ranbaxy's Motion. Exhibits A through G are factual in nature and, therefore, are excluded pursuant to Rule 12(d). Exhibits H and I are public documents – memoranda and orders from two of Hollander's other false marking cases in this District – and, thus, need not be excluded. The Court had no occasion to consider the contents of Exhibits A through G.

has alleged the who – Ranbaxy[3]; the what    the Ultravate products allegedly marked with the expired '921 Patent; the when – since 2007 when Ranbaxy acquired the rights to produce and market Ultravate; the where – allegedly on the packaging of Ultravate distributed within the United States; and the how – Ranbaxy allegedly placed the expired '921 Patent on the Ultravate packaging. See Blistex, 2010 WL 4539450, at *6.

Further, after a review of the complaint and construing all well-pleaded factual allegations in Hollander's favor, the Court finds that Hollander has sufficiently pled the "intent to deceive the public" element of the claim as well. As noted above, allegations of the fact of misrepresentation and proof of knowledge of falsity raises an inference of intent to deceive. See Clontech, 406 F.3d at 1352. A plaintiff can establish knowledge of falsity by showing the defendant did not have a reasonable belief the articles were properly marked. Id. at 1352-53. It is important to note that, at this stage, the Court is concerned only with the sufficiency of the pleadings, not the sufficiency of the evidence. See Fowler, 578 F.3d at 213-14.

In his complaint, Hollander claims Ranbaxy marked several products with a patent number that expired two years before Ranbaxy even acquired the rights to the patent. (Compl. ¶¶

---

[3]    Ranbaxy argues that Hollander must identify the specific individual who marked the unpatented article. Ranbaxy relies on Exergen for this proposition, which concluded that generally alleging an organization, "its agents and/or attorneys" made a misrepresentation does not identify the responsible individual with sufficient particularity. 575 F.3d at 1329. Exergen, however, relied on the applicable regulations, which impose on every individual, not the organization, a duty of candor and good faith. Id. Thus, alleging the organization violated the duty was not sufficient. See id.

In this case, § 292 applies to "[w]hoever," which could include an organization. Because § 292 is not as specific as the regulations in Exergen regarding the "who," the Court will not require Hollander to be as specific. The Court finds further support for this conclusion in Ranbaxy's supplemental authority, where the United States argues against requiring a plaintiff to plead the identity of the specific individual for § 292 claims. (ECF No. 29, Ex. A at 18-19.)

-14-

12, 17-21.) Hollander also alleges that Ranbaxy is a "highly sophisticated business entit[y] with ample experience in the field of obtaining patents and litigating patent claims." (Id. ¶ 22.) Further, "Ranbaxy knew and knows that patents, including the '921 Patent, have a finite duration." (Id. ¶ 23.) Thus, "[u]pon information and belief, [Ranbaxy] knew or reasonably should have known that the units of Ultravate[] it marked and continues to mark with the '921 Patent were marked with an expired patent" and "could never have had any reason to believe" its products were covered by the expired patent. (Id. ¶¶ 24-25.) Consequently, "[u]pon information and belief, [Ranbaxy] has marked, and continues to mark, every unit of Ultravate[ with the expired patent] for the purpose of deceiving the public into believing that Ultravate[] is covered by the '921 Patent." (Id. ¶ 27.) Finally, Hollander alleges Ranbaxy used the expired patent in advertising for the purpose of deceiving the public. (Id. ¶ 28.)

The Court focuses on Hollander's factual allegations, not his conclusory allegations of intent to deceive. So limited, his factual allegations are sufficient to allow the Court to draw a reasonable inference that Ranbaxy may be liable for the misconduct alleged. See Gelman, 583 F.3d at 190. Hollander has alleged the fact of misrepresentation the marking of an unpatented article, i.e. with an expired patent. Hollander also alleged sufficient facts to infer Ranbaxy did not have a reasonable belief the Ultravate was properly marked – Ranbaxy is a sophisticated business entity, experienced in patents, with knowledge that patents are finite in duration; further, Hollander alleges Ranbaxy acquired the rights to the patented product after the patent had already expired. Based on these allegations, and drawing reasonable inferences in Hollander's favor, the Court can reasonably infer that a sophisticated company with patent experience, when acquiring a patent, would know to inquire into its continuing validity, such that it could not reasonably

-15-

believe the patent was still valid if it failed to so inquire. Accordingly, Hollander has sufficiently
pled both elements of a false marking claim, and Ranbaxy's motion will be denied.

The cases Ranbaxy cites from this District and the District of Delaware do not compel a
different result. In all but one of those cases, the reviewing court applied Rule 9(b)'s
particularity requirement to the intent to deceive element. See, e.g., BIC Corp., 2010 WL
3360568, at *8-9. Because the Court departs from those courts' holding regarding the applicable
pleading standard, those cases are inapposite. But in Brinkmeier v. Graco Children's Products,
Inc., 684 F. Supp. 2d 548 (D. Del. 2010), Judge Farnan declined to resolve whether Rule 9(b) or
Rule 8(a) set forth the appropriate pleading standard because, for the most part, the complaint at
issue failed to meet even the more liberal pleading standard of Rule 8(a). Id. at 553. Hollander,
however, has included additional allegations not present in Graco: Ranbaxy is a sophisticated
business entity with extensive patent experience, it knows patents have finite durations, and it
acquired the patent after it had already expired. See id. at 553-54. Although these allegations do
not show Ranbaxy had actual knowledge the '921 Patent expired, they allow a reasonable
inference that Ranbaxy could have known it expired. Therefore, Ranbaxy's argument of failure
to state a claim is not persuasive.

## D. Hollander's Cross-Motion for Judgment on the Pleadings

Hollander contends he is entitled to judgment on the pleadings on the issue of liability
because Ranbaxy's answer to his complaint confirms that it acted for the purpose of deceiving
the public. In particular, Hollander asserts that Ranbaxy admitted it does not know the last
assignee of the patent. Hollander argues that Ranbaxy therefore could have no reasonable belief

-16-

it had the right to mark its products with the '921 Patent.[4]

The Court must construe the facts and draw all reasonable inferences in favor of Ranbaxy as the non-moving party. See Turbe, 938 F.2d at 428. Ranbaxy denied that it acted for the purpose of deceiving the public (Answer ¶¶ 27-28), and is entitled to present evidence in rebuttal of the inference of intent to deceive, see Pequignot, 608 F.3d at 1363-64. Therefore, Hollander has not clearly established that there remain no material issues of fact.

In fact, there are at least two such issues remaining. First, the Court concluded that Hollander's factual allegations suffice to reasonably infer knowledge of falsity. Second, Ranbaxy is entitled to present evidence of its own to rebut the inference of intent and show that it did not act for the purpose of deceiving the public. See Pequignot, 608 F.3d at 1363-64. Nothing in Ranbaxy's answer to the complaint resolves either of these issues. Therefore, judgment on the pleadings is inappropriate.

## IV.    **Conclusion**

For the foregoing reasons, Ranbaxy's Motion to Dismiss (ECF No. 15) is deemed untimely. Considered as a motion for judgment on the pleadings, and considering

---

[4]    In its response to Hollander's Cross-Motion, Ranbaxy attached a declaration from its Senior Director of Legal. The Court had no occasion to consider the factual matter in this declaration, having concluded that the complaint and answer themselves do not warrant judgment on the pleadings. Therefore, pursuant to Rule 12(d), the Court excludes the declaration. See also Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (opining an affidavit cannot be part of a pleading).

Hollander's Cross-Motion for Judgment on the Pleadings on the Issue of Liability (ECF

No. 20), both Motions are **denied**. An appropriate Order was previously entered.

BY THE COURT:

Michael M. Baylson, U.S.D.J.

O:\Todd\10-793 Hollander v. Ranbaxy\Hollander - MTD Memo - draft 5.wpd