IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENTLEY A. HOLLANDER, | ) | Civil Action No. 10-cv-793 |
| | ) | |
| Plaintiff, | ) | Honorable Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | |
| RANBAXY LABORATORIES, INC., | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM IN SUPPORT OF RANBAXY'S</u>**

**<u>UNOPPOSED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(C)</u>**

Defendant Ranbaxy Laboratories, Inc. ("Ranbaxy") hereby submits its unopposed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), dismissing Plaintiff Bentley A. Hollander's ("Hollander") complaint with prejudice.

## I. **INTRODUCTION**

Hollander filed this lawsuit as a *qui tam* plaintiff on behalf of the United States, alleging that Ranbaxy falsely marked its topical skin medication, Ultravate®, with the intent to deceive the public in violation of the false patent marking statute, 35 U.S.C. § 292(b). Hollander has not alleged or personally suffered any injury, competitive or otherwise, as a result of the alleged false marking.

On September 16, 2011, the President signed into law the "America Invents Act" (the "Act"), which, among other things, amended the false marking statute in four key respects that require the termination of this action.  First, the Act limits the right to sue under 35 U.S.C. § 292(b) to "[a] person who has suffered a competitive injury as a result of a violation of" the false marking statute. Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 16(b)(2), 125 Stat. 284, 329 (2011). Second, the Act limits the remedy in such a suit to "recovery of damages adequate to compensate for the injury." *Id*.  Third, the Act provides that "[t]he marking of a product . . . with matter relating to a patent that covered that product but has expired is not a violation of this section." *Id*. §16(b)(3).  Fourth, the Act provides that these amendments "shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." *Id*. § 16(b)(4).  The instant case was pending on the date of enactment.

It is undisputed that (1) Hollander is not a competitor of Ranbaxy, (2) Hollander has suffered no injury as a result of the alleged false marking, and (3) the alleged false marking concerns only marking of products with a patent that covered the product before it expired. Accordingly, Hollander suffered no "competitive injury as a result of a violation" that would give him the right to maintain this action or recover "damages adequate to compensate" for such

an injury, and even if Hollander has suffered such an injury, the alleged false marking is not a violation of § 292(b). Immediate dismissal of this action is required under the Act.

Ranbaxy, however, does not challenge any right Hollander may have to bring a constitutional takings claim against the United States in the Court of Federal Claims. A takings is an action against the Government in a different forum, not an action against Ranbaxy, and should not affect the dismissal with prejudice of the instant case.

## II. STATEMENT OF FACTS

### A. Procedural History

Plaintiff Hollander has brought this *qui tam* action against Defendant Ranbaxy for its alleged violation of the false marking statute, 35 U.S.C. § 292, in connection with its marking of Ranbaxy's topical skin mediation Ultravate®. Specifically, Hollander claims that Ranbaxy has violated § 292 by falsely marking packages of Ultravate® with an ***expired*** patent number for the purpose of deceiving the public into believing that the articles are covered by the expired patent. (emphasis added) (Complaint [Doc. 1], ¶2). On July 19, 2011, the Court stayed the instant case in view of Congress passing amendments to 35 U.S.C. § 292(b) that would require a false-marking relator to have suffered a competitive injury, which Plaintiff agreed he cannot show. (Order [Doc. 98], filed July 19, 2011).

### B. The False Marking Statute

35 U.S.C. § 292, the false marking statute, prohibits the use of an erroneous patent marking "for the purpose of deceiving the public." As amended by the America Invents Act, it states in relevant part that:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense. ***Only the United States may sue for the penalty authorized by this subsection.***
>
> (b) ***A person who has suffered a competitive injury*** as a result of a violation of this section may file a civil action in a district court of the

> United States for ***recovery of damages adequate to compensate for the injury***.
>
> (c) ***The marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section***.

35 U.S.C. § 292 (emphasis added). The America Invents Act provides that its amendments to the false marking statute "shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Pub. L. No. 112-29 § 16(b)(4).

## C.     This Motion is Unopposed

Hollander has represented he will not oppose Ranbaxy's motion for judgment on the pleadings, provided that the relief Ranbaxy is without prejudice to Dr. Hollander's right to challenge the America Invents Act. (Declaration of Ali S. Razai, ¶¶2-3, Ex. A.)  Ranbaxy does not challenge any right Hollander may have to bring a constitutional takings claim against the United States in the Court of Federal Claims.

## III.  ARGUMENT

The America Invents Act limits the right to sue under 35 U.S.C. § 292(b) to "[a] person who has suffered a competitive injury as a result of a violation of" the false marking statute and limits the remedy in such a suit to "recovery of damages adequate to compensate for the injury." Pub. L. No. 112-29 § 16(b)(2). Hollander is not a competitor of Ranbaxy, and he has not suffered any competitive injury.  (Order [Doc. 98], filed July 19, 2011).  Therefore, he is not entitled to maintain this action.  In addition, the only alleged violation is the marking of certain products with an expired patent; by the terms of the Act, such marking cannot be a violation.  Pub. L. No. 112-29 § 16(b)(3).  None of these defects is curable.  Hollander, thus, has no claim against Ranbaxy under the statute, and this case should be dismissed with prejudice.

"[C]ourts are obligated to apply the law as they find it at the time of final judgment." *Hyundai Merchant Marine Co. v. United States*, 888 F. Supp. 543, 550 (S.D.N.Y. 1995), *aff'd*, 75 F. 3d 134 (2d Cir. 1996). "The Supreme Court has made clear . . . that it is the obligation of

the court to give effect to Congress' pronouncements until such time as judicial rulings have achieved finality." *Id.*

Hollander does not oppose Ranbaxy's motion for judgment on the pleadings. Hollander merely seeks to not waive any rights he may have against the United States. If elimination of Hollander's action indeed constitutes a taking, his remedy would be to seek compensation from the Government in the Court of Federal Claims, not from Ranbaxy and not before this Court. *See Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 71 n.15 (1978). In a separate, yet largely similar, false-marking case brought by Plaintiff Hollander, Judge Buckwalter recently granted a motion for judgment on the pleadings brought by Defendant, dismissing the case with prejudice and holding that "Plaintiff is free to pursue his cause of action against the United States in the Court of Federal Claims regardless of the manner in which the case is dismissed." *Hollander v. Ortho-McNeil-Janssen Pharm, Inc.*, Case 2:10-cv-00836-RB, p. 4 [Doc. 53] (E.D. Pa. Jan. 10, 2012) (attached as Exhibit B to Razai Decl.) Ranbaxy does not challenge any right Hollander may have to bring a constitutional takings claim against the United States in the Court of Federal Claims.

In a recent dismissal in *Hollander v. Hospira, Inc.*, Case 1:10-cv-08151 [Doc. 67] (E.D. Pa. Oct. 27, 2011) (attached as Exhibit C to Razai Decl.), Judge Kendall dismissed a strikingly similar false marking case against Defendant Hospira, and explicitly noted that "[t]he Court's ruling is without prejudice as to his potential claim against the Untied States in the Untied States Court of Claims for the value of his vested property interests that he alleges were unconstitutionally confiscated by virtue of the retroactivity provisions of the America Invents Act." If the Court were to grant Ranbaxy's motion for judgment on the pleadings, Ranbaxy would have no objection to the Court incorporating the relevant language from Judge Kendall's decision into its Order, preserving any right Hollander may have to bring a constitutional takings claim against the United States in the Court of Federal Claims.

- 4 -

## IV. **CONCLUSION**

For the reasons set forth above, Ranbaxy respectfully requests that the Court grant its unopposed motion and dismiss Hollander's Complaint with prejudice.

Respectfully Submitted,

Dated: March 19, 2012        By: */s/ Ali S. Razai*
            John J. O'Malley, Esquire (I.D. No. 68,222)
            Volpe and Koenig, P.C.
            United Plaza
            30 S. 17th Street
            Philadelphia, PA  19103
            Telephone: (215) 568-6400
            Facsimile: (215) 568-6499

            Darrell L. Olson (*Admitted Pro Hac Vice*)
            dolson@kmob.com
            Joseph M. Reisman (*Admitted Pro Hac Vice*)
            jreisman@kmob.com
            Ali Razai (*Admitted Pro Hac Vice*)
            ali.razai@kmob.com
            KNOBBE, MARTENS, OLSON & BEAR, LLP
            2040 Main St., 14th Fl.
            Irvine, CA 92614
            Telephone: (949) 760-0404
            Facsimile: (949) 760-9502

            *Attorneys for Defendant*
            *RANBAXY LABORATORIES, INC.*

- 3 -

## CERTIFICATE OF SERVICE

I, ***, hereby certify that on March 19, 2012, the foregoing **MEMORANDUM IN SUPPORT OF RANBAXY'S UNOPPOSED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(C)** was filed and served on all Counsel of record via the Court's ECF System.

Jacob C. Cohn<br>
Ilan Rosenberg<br>
COZEN O'CONNOR<br>
1900 Market Street<br>
Philadelphia, PA 19103

By: */s/Ali S. Razai*
     Ali S. Razai

12946875

- 3 -